### West Philadelphia Federal Savings & Loan Association v. Safeguard Mutual Insurance Company

*Erwin Miller,* for plaintiff.

*Malcolm H. Waldron, Jr.,* for defendant.

EISEMAN, J., April 14, 1969.—We have before us the preliminary objections of defendant to plaintiff's complaint asking for a dismissal of said complaint on the ground that the cause of action is barred by section 502 of The Insurance Department Act of May 17, 1921, P. L. 789, as amended, 40 PS §202. The relevant portion of that statute states:

". . . From the date of such suspension on the ground that the suspended organization is insolvent,

or is in such condition that its further transaction of business will be hazardous to its policyholders or to its creditors or to the public, no action at law or equity shall be commenced or prosecuted nor shall any judgment be entered against nor shall any execution or attachment be issued or prosecuted against the suspended company . . . or against its property, in any court of this Commonwealth." Johnson v. Cooper, 38 D. & C. 2d 599 (1966).

On April 12, 1967, the Insurance Commissioner of the Commonwealth of Pennsylvania issued a suspension order to defendant. Pursuant to The Insurance Department Act, supra, 40 PS §202, application has been made to the courts of this Commonwealth to have the insurance commissioner take possession of defendant's property and conduct its business as statutory liquidator. This action is still pending.

After the suspension order was issued to defendant, plaintiff commenced this action. The issue before us is whether the portion of the statute quoted above was meant to bar all suits during the interim period after the issuance of the suspension order and prior to the appointment of the statutory liquidator. It is noted that appointment of a liquidator is being withheld as litigation is still pending as to the validity of the suspension order. If plaintiff were to be barred at this posture of the proceedings, there would be a serious problem of how one in plaintiff's position would be able to toll the applicable statute of limitations since there would be no one with whom a claim could be lodged or against whom a suit could be instituted. This unfair result clearly could not have been the intention of our legislature. We are supported in this position by the recent interpretation of the statute in question by Judge Hoffman in Stopper v. Chesapeake Insurance Company, 209 Pa. Superior Ct. 474, where he stated:

"In our Commonwealth it is the suspension from

further transaction of business, with notice to all creditors, generally followed by appointment of a statutory liquidator, which prevents attachment of a domestic insurer's assets."

It is our opinion that plaintiff is not barred from suing the insurance company directly until two events occur: (1) the issuance of a suspension order, and (2) the appointment of a statutory liquidator. Since the latter event has yet to occur, defendant's preliminary objections are dismissed. However, due to the pendency of the litigation we limit our order as follows:

## ORDER

And now, April 14, 1969, defendant's preliminary objections are dismissed without prejudice, all proceedings to stay until final disposition of the defendant's suspension proceeding in the Commonwealth Court.